## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **PATRICIO MISITRANO,** | : | |
| | : | **CIVIL ACTION NO.:** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **3:21-cv-00786** (    ) |
| | : | |
| **THE WEE BURN COUNTRY CLUB, INC.,** | : | |
| | : | |
| **Defendant.** | : | **June 9, 2021** |
| | : | |

## COMPLAINT

### I.   INTRODUCTION

1.    The plaintiff, Patricio Misitrano, brings this action against his former employer, defendant The Wee Burn Country Club, Inc., for violation of the Fair Labor Standards Act (FLSA) and the Connecticut Minimum Wage Act (CMWA).

2.    The defendant misclassified the plaintiff as an independent contractor, exempt under federal and state laws, causing him to suffer significant economic loss.

3.    The plaintiff requests a trial by jury on all issues triable to a jury.

### II.   JURISDICTION AND VENUE

4.    This Court has jurisdiction over the plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  This Court has supplemental jurisdiction over the plaintiff's Connecticut state law claims pursuant to 28 U.S.C. § 1367, since those claims are so related to his FLSA claims that they form part of the same case or controversy.

5.      Pursuant to 28 U.S.C. §1391(b)(1) and (2), venue is proper within this district because the plaintiff lived and worked in Connecticut, the defendant is located in Connecticut, and the conduct underlying the plaintiff's claims occurred in Connecticut.

## III.   PARTIES

6.      The plaintiff, Patricio Misitrano, is a natural person, a citizen of Connecticut, and a resident of Wilton, Connecticut.

7.      The defendant, The Wee Burn Country Club, Inc. is a corporation organized under the laws of Connecticut and doing business in Connecticut.

8.      The Wee Burn Country Club is an employer within the meaning of the FLSA and the CMWA.

## IV.   FACTS

9.      Mr. Misitrano began his employment with The Wee Burn Country Club (hereinafter referred to as "Wee Burn") on or about December 9, 2014.   Throughout his employment, he was Director of Tennis.

10.     Mr. Misitrano has been paid partially by salary.

11.     Wee Burn has always improperly classified Mr. Misitrano as an independent contractor exempt from the requirements of the FLSA and CMWA.

12.     Although Mr. Misitrano's title was Director of Tennis, Wee Burn controlled the means and methods of his work including:

   a.   Wee Burn has had a tennis committee while Mr. Misitrano worked for Wee Burn.   The tennis committee controlled what lessons, clinics and programs would be offered.

2

    b.  The tennis committee required plaintiff to present a pre-season schedule of activities and events that required the committee's approval.  Items not approved had to be changed.

    c.  During clinic or event times, plaintiff could not schedule lessons on his own. Instead, the tennis committee had to approve scheduling during those times.

    d.  Wee Burn, not plaintiff, controlled the prices that were charged for lessons.  If plaintiff proposed new rates they required approval by the tennis and finance committees.

    e.  Wee Burn required plaintiff to obtain approval for vacations.  Wee Burn paid for plaintiff's health insurance.

    f.  Wee Burn, not plaintiff, controlled who could be disciplined and how, and who could be terminated.

    g.  On November 17, 2020 Wee Burn terminated plaintiff's employment.

13.    Wee Burn supplied and controlled the premises where Mr. Misitrano worked. The tennis courts were where plaintiff performed most of his essential duties, with the tennis shop being a secondary place of business.  Both were within Wee Burn's usual course of business in its tennis enterprise.

14.    Mr. Misitrano, with the minor exception of maintaining a tennis shop located on the Wee Burn premises, did not engage in any other independent trade or occupation of the same nature as he performed at Wee Burn.  The tennis committee made rules restricting the types of clothing, hats and shoes that were allowed on the courts, and thus controlled many items plaintiff could sell in the tennis shop.

15.     Wee Burn did not pay overtime to Mr. Misitrano, although he consistently worked more than 40 hours per week.

16.     Mr. Misitrano worked, on average, 6 days per week from 7:30 a.m. until 7:30 p.m.. Sometimes he worked 7 days, for example, when Wee Burn had its Men's Member-Guest tournament in September or for the Junior Banquet Award Ceremony in August.

17.     Often on Mondays, he would work past 8:00 PM to teach the Men's Clinics, check all lessons and sale charges for the day and then sweep the courts. He often stayed late on Wednesdays and Thursdays when men's matches were being held. When Junior Pizza Night occurred, and for some other social events, he would stay longer than 8:00 PM.

18.     Wee Burn did not fully withhold federal or state income taxes, nor fully pay over its share of Social Security or Medicare taxes, nor pay unemployment taxes on all wages.

19.     In every year of his employment, Mr. Misitrano was entitled to a bonus of 10% of his W-2 compensation.  Because Wee Burn misclassified plaintiff by paying him 1099 income on tennis lessons, he lost bonus compensation between $13,700 up to $20,400 each year.

20.     Wee Burn did not pay FICA taxes because it misclassified Mr. Misitrano, causing him to lose substantial future Social Security income.  Unpaid FICA ranged between approximately $10,500 per year to approximately $14,600 per year.

## V.     LEGAL CLAIMS

**FIRST COUNT:              VIOLATION OF THE FAIR LABOR STANDARDS ACT**

21.     The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 20 above.

22.     Based on the foregoing, Wee Burn committed willful violations of the FLSA, 29 U.S.C. §§ 201 *et seq.,* including §207(a)(1).

23.     The plaintiff is entitled to compensation that would have accrued to him and would have increased his future income had he been properly classified, including liquidated damages, attorneys' fees, and court costs.

**SECOND COUNT:          VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT**

24.     The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 20 above.

25.     Based on the foregoing, Wee Burn committed a violation of the CMWA, Conn. Gen. Stat. §§ 31-58 *et seq.*

26.     Accordingly, the plaintiff is entitled to compensation that would have accrued to him and would have increased his future income had he been properly classified, including interest, penalty damages, attorneys' fees, and court costs.

**THIRD COUNT:     WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT**

27.     The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 23 above.

28.     Based on the foregoing facts, the defendant committed a willful violation of the FLSA.

29.     The plaintiff is entitled to compensation that would have accrued to him and would have increased his future income had he been properly classified, including liquidated damages, attorney's fees and court costs.

**FOURTH COUNT:  WILLFUL VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT**

30.     The plaintiff incorporates by reference each and every allegation in paragraphs 1 through 26 above.

31.     Based on the foregoing facts, Wee Burn's conduct in violation of the CMWA was unreasonable, arbitrary and/or in bad faith.

32.     The plaintiff is entitled to compensation that would have accrued to him and would have increased his future income had he been properly classified, including interest, penalty damages, attorney's fees and court costs.

WHEREFORE, Mr. Misitrano requests that this Court award the following damages:

      a.     An award of unpaid overtime wages under the FLSA;

      b.     An award of unpaid overtime wages under the CMWA;

      c.     An award of liquidated damages under the FLSA;

      d.     An award of penalty damages under CMWA;

      e.     Attorneys' fees under the FLSA and CMWA;

      f.     Interest under the CMWA; and

      g.     Any other remedy that may appear to be just and proper.


By:   _/s/ Joseph D. Garrison_ _____
Joseph D. Garrison (*Fed. Bar #: ct04132)*
GARRISON, LEVIN-EPSTEIN, RICHARDSON,
    FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, Connecticut  06511
Tel.:  (203) 777-4425
Fax:  (203) 776-3965
jgarrison@garrisonlaw.com


**PLEASE ENTER THE APPEARANCE OF
JOSEPH D. GARRISON ON BEHALF OF THE PLAINTIFF**